

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2006

# Liwe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4495

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Liwe v. Atty Gen USA" (2006). *2006 Decisions.* Paper 128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4495

———

STEVEN DRIVE LIWE,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

On Petition for Review of a Final Order of the Immigration Judge
(File No. A79 708 056)
Immigration Judge:  Eugene Pugliese

———

Argued September 12, 2006
Before: FUENTES, FISHER, and BRIGHT,* Circuit Judges.

(Filed:  December 6, 2006)

James Nichols (Argued)
1086 Livingston Avenue, Suite 1A
North Brunswick, NJ 08902

ATTORNEY FOR PETITIONER
Michael P. Lindemann

_____

   * The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

Christopher C. Fuller
Christopher T. Dong
Jonathan Potter (Argued)
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

ATTORNEYS FOR RESPONDENT

———

OPINION OF THE COURT

———

PER CURIAM.

Steven Liwe, a citizen of Indonesia, entered the United States in September 2001 but overstayed his visa. The former Immigration and Naturalization Service initiated removal proceedings in February 2003. Liwe conceded removability, but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), alleging persecution on account of his religious and political affiliations. An Immigration Judge ("IJ") denied Liwe's applications and his request for voluntary departure. He appealed to the Board of Immigration Appeals ("BIA"), which affirmed the decision of the IJ, and this petition followed. We will deny the petition.

Regarding his claim of political persecution, Liwe testified before the IJ that Indonesian militants suspected him of supporting the government by using his position as a tour guide to spy on the militants and report their locations. He explained that he and his touring party had once been captured by militants, but the militants released them after

three days. He also testified that he once escaped another plot to capture his tour group by seeking an alternate route, and that he was aware that militants had killed other tour guides. Finally, Liwe recounted an incident at a hotel when militants, attempting to evade the Indonesian military, used him as a shield. Regarding his claim of religious persecution, Liwe—who is Christian—testified that Christians are generally persecuted.

The IJ first ruled that Liwe's asylum claim was barred by the one-year period of limitations. *See* 8 U.S.C. § 1158(a)(2)(B). Liwe argued that he was unaware of the requirement and that conditions had worsened in Indonesia since his departure, but the IJ discounted his first argument and found that he failed to demonstrate exceptional circumstances or changed country conditions sufficient to overcome the deadline. In the alternative, the IJ found that Liwe did not demonstrate a well-founded fear of persecution. In part, the IJ reasoned that Liwe's subjective fears were based on his chosen profession as a tour guide, rather than his political affiliation, and that his testimony regarding the general persecution of Christians was undermined by his ability to remain in Indonesia for twenty-seven years without suffering any alleged persecution. Consequently, the IJ denied Liwe's application for withholding of removal and, because he did not allege any instances of torture, his CAT claim.

Here, Liwe principally argues that the IJ and BIA erred by denying his asylum claim because they required him to demonstrate that he would "more likely than not" suffer persecution in Indonesia, the standard applicable to withholding applications, *Toussaint v. Attorney General*, 455 F.3d 409, 413 (3d Cir. 2006). He suggests that the

"well-founded fear" standard, applicable to asylum applications, *Obale v. Attorney General*, 453 F.3d 151, 161 (3d Cir. 2006), should have guided the IJ's analysis.

But, we lack jurisdiction to review the denial of Liwe's untimely asylum claim. *Gabuniya v. Attorney General*, 463 F.3d 316, 320 n.4 (3d Cir. 2006) (Section 1158(a)(3) clearly deprives us of jurisdiction "to review an IJ's determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances[.]"); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185-86 (3d Cir. 2003) (same). We therefore limit our review to Liwe's withholding of removal application and CAT claim.

Liwe, though, fails to provide a basis to undermine the denial of his withholding application or CAT claim. He generally argues that his testimony provided an objective basis for his fear of persecution, but his vague testimony of being mistreated by militants does not show "a clear probability of persecution," nor does he allege any instances of torture sufficient to establish a CAT claim. *Gabuniya*, 463 F.3d at 321.

Accordingly, we will deny the petition for review.

―――